IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Yekewshia M. Styles, | ) | |
| | ) | |
| Plaintiff, | ) | No. 0:18-cv-266-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Paige J. Gossett's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Nancy A. Berryhill's ("the Commissioner") decision denying plaintiff Yekewshia M. Styles's ("Styles") application for disability insurance benefits ("DIB"). Styles filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

In August 2014, Styles filed an application for SSI in which she alleged her disability began on June 28, 2014. The Social Security Agency denied Styles's claim initially and on reconsideration. Styles requested a hearing before an administrative law judge ("ALJ"), and ALJ Sarah B. Stewart held a hearing on January 24, 2017.

The ALJ issued a decision on July 5, 2017, finding that Styles was not disabled under the Social Security Act. The Appeals Council denied Styles's request for review, rendering the ALJ's decision the final action of the Commissioner. On January 31, 2018,

1

Styles filed this action seeking review of the ALJ's decision. ECF No. 1. The magistrate judge issued an R&R on March 8, 2019 recommending that this court affirm the ALJ's decision. ECF No. 15. Styles filed objections to the R&R on March 22, 2019, ECF No. 16, and the Commissioner replied to Styles's objections on April 4, 2019. ECF No. 17. The matter is now ripe for the court's review.

### B. Medical History

Because Styles's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Styles was born on April 20, 1974 and was 40 years old at the time of her alleged disability onset date. She communicates in English and has a high school education. Her past relevant work experience was as a nail technician, a receptionist, and a sales associate.

### C. ALJ's Findings

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Styles was disabled beginning on June 28, 2014. The ALJ first determined that Styles did not engage in substantial gainful activity since her application date of August 18, 2014. At the second step, the ALJ found that Styles suffered from the following severe impairments: history of right breast cancer with lumpectomy, radiation, chemotherapy, and axillary webbing; lymphedema; anxiety; and depression. At step three, the ALJ found that Styles's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listings of Impairments ("the Listings"). See 20 C.F.R. Part 404, Subpart P, App'x 1.

Before reaching the fourth step, the ALJ determined Styles had the residual function capacity ("RFC") to perform unskilled, low stress work. Tr. 18. Specifically, the ALJ found that Styles could

> perform light work as defined in 20 CFR 416.967(b) except she can occasionally push/pull and perform overhead reaching with her right upper extremity; she can frequently operate foot controls, bilaterally; she can occasionally climb stairs, ramps, ladders, ropes or scaffolds; she can occasionally stoop, crouch, kneel and crawl; she can frequently finger, bilaterally; she is limited to the performance of simple, routine and repetitive tasks; she cannot perform fast-paced production requirements and should only be required to make simple work decisions with few, if any, workplace changes; and she is limited to unskilled, low stress work.

Id. The ALJ found at step four that Styles was not capable of performing past relevant work as a nail technician, a receptionist, or a sales associate. Id. at 22. Finally, at step five, the ALJ determined that, considering Styles's age, education, work experience, and RFC, she could perform the requirements of occupations existing in significant numbers in the national economy, including an inspector, an electronics worker, and a shipping and receiver weigher, and concluded that she was not disabled during the period in issue. Id. at 22–23.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### III. DISCUSSION

Styles objects to the R&R on four grounds, arguing that the magistrate judge erred in finding that: (1) the ALJ properly accounted for Styles's moderate limitations in concentration, persistence, and pace ("CPP"); (2) the ALJ's error regarding Acquiescence Ruling ("AR") 00-1(4) was harmless; (3) the ALJ properly found that Styles could adjust to other work; and (4) the ALJ properly evaluated the medical opinions of record. The court examines each objection in turn.

### A. CPP Limitations

Styles argues that the ALJ did not properly account for her CPP limitations. In doing so, Styles relies on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), to show that the ALJ erred by failing to fully explain Styles's CPP limitations in the RFC.

In Mascio, the Fourth Circuit found that a remand was necessary because the ALJ did not address Mascio's mental limitations nor did the ALJ explain why he failed to do so. 780 F.3d at 638. The court explained that the ALJ noted the lack of credibility in Mascio's allegations about her mental limitations, but that this acknowledgment did not provide a sufficient explanation as to why the ALJ failed to analyze those limitations. Id. The court went on to explain that limiting the hypothetical question for the vocational expert to "simple, routine tasks or unskilled work" does not sufficiently account for limitations in CPP because "the ability to perform simple tasks differs from the ability to stay on task." Id.

Despite Styles's argument, Mascio actually supports the R&R's finding that the ALJ took into account Styles's CPP limitations in the RFC. The ALJ here expanded on Styles's CPP limitations in greater detail than the ALJ in Mascio did. The ALJ did limit Styles to "unskilled, low stress work," which is analogous to what the ALJ stated in Mascio. However, the ALJ here went on to state that, among other things, Styles had the RFC to perform "simple, routine and repetitive tasks; . . . cannot perform fast-paced production requirements and should only be required to make simple work decisions with few, if any, workplace changes." Tr. 18. This further explanation, as stated in both the RFC and the hypothetical question to the vocational expert, sufficiently describes Styles's CPP limitations. See Sisco v. Comm'r of Social Security Admin., 2019 WL 396605 at

*3 (D.S.C. January 31, 2019) ("The ALJ properly and adequately accommodated Sisco's moderate limitation in concentration, persistence, and pace by finding that she has the ability to concentrate and persist in the performance of detailed instructions and tasks for at least two hours at a time, but not on higher level tasks."); Robinson v. Berryhill, 2018 WL 746540 at *2–3 (D.S.C. February 7, 2018) (holding that remand was unnecessary because "the ALJ sufficiently explained why he found that Robinson's moderate difficulties in concentration, persistence, or pace were minimal," and the RFC sufficiently considered these limitations by stating that Robinson was "restricted to work that includes only 'simple, one to two step tasks with no public contact.'"). Therefore, the RFC sufficiently addressed Styles's CPP limitations, and the R&R properly distinguished Mascio from the instant case.

Moreover, Styles's argument that that the ALJ "failed to carefully consider [her] allegations of debilitating depression and anxiety" is baseless. ECF No. 16 at 2. The ALJ included an entire paragraph describing her opinion on Styles's depression and anxiety which states:

> [a]s for the claimant's allegations of debilitating depression and anxiety, I once again find that her allegations are inconsistent with the medical evidence of record. In November 2014, Dr. Rowland noted that she did have symptoms of depression and anxiety, but she was not on an antidepressant at the time of his examination []. When taking Lorazepam, Dr. Stafford opined that she has adequate concentration, attention and memory as well as good ability to complete activities of daily living, relate to others, and complete simple and complex tasks []. Additionally, in June 2016, the claimant reported that she has the following symptoms "not at all": feeling down, depressed or hopeless; poor appetite or overeating; trouble concentration [sic] on things; moving or speaking so slowly that other people could have noticed; being fidgety or restless; thoughts that you would be better off dead; or thoughts of hurting yourself []. Finally, recent records document that she is not interested in seeing a psychiatrist or

6

switching antidepressant medication, which indicates that her mental health symptoms are stable.

Tr. 20. The ALJ noted inconsistencies between medical records and allegations by Styles. Id. The ALJ explained that although Dr. Rowland, the consulting physician, did mention symptoms of depression and anxiety, Styles was not taking any antidepressants at the time of the examination. Id. The opinion of Dr. Stafford, Styles's treating physician, noted that Styles had "adequate concentration, attention and memory" and could complete daily tasks while she is on Lorazepam, an anxiety medication. Id. Styles reported herself that she did not have several symptoms of depression and that she was not interested in changing medication for her depression and anxiety, indicating stable mental health symptoms. Id. These noted inconsistencies are more than enough for the ALJ's decision to be supported by substantial evidence.

For the above reasons, the court agrees with the R&R and rejects Styles's objection that the ALJ improperly accounted for Styles's CPP limitations. The ALJ sufficiently accounted for the limitations, and remand on this basis is not warranted.

**B.     AR 00-1(4)**

Styles's second objection relates to the R&R's finding that the ALJ's error of incorrectly applying AR 00-1(4) was harmless. In her brief, Styles argued that the ALJ did not properly account for Styles's left arm limitations after a prior ALJ decision found that that she had left arm limitations. ECF No. 10 at 16. This prior decision was issued on June 27, 2014 and was based on Styles's June 11, 2012 application for SSI. See Tr. 55–69. The Commissioner responded that remand is not warranted because the ALJ's

failure to include Styles's left-arm limitations does not constitute a "harmful error" that requires remand. ECF No. 12 at 14.

As an initial matter, the substance of Styles's objection on this issue seems to relate to a different issue. The objection is based on AR 00-1(4), which summarizes Albright v. Commissioner of the Social Security Administration, 174 F.3d 473 (4th Cir. 1999), and Lively v. Sec'y and Human Services, 820 F.2d 1391 (4th Cir. 1987), and discusses the application of these holdings. In sum, AR 00-1(4) states that an ALJ for a subsequent claim must give appropriate weight to another ALJ's report of a prior claim, according to "all relevant facts and circumstances." 2000 WL 43774 at *4. In her objection, Styles contends that "ALJs are notorious for issuing opinions that contradict the exertional limitations of jobs found in the DOT[,]" and she argues that if the R&R's alleged error "was allowed to stand, it would essentially eliminate the need for vocational testimony." ECF No. 16 at 2. However, the R&R's finding that the ALJ's error regarding AR 00-1(4) was harmless is unrelated to the Dictionary of Occupational Titles ("DOT") or vocational testimony. Instead the AR 00-1(4) issue relates to the differences between the two ALJs' findings. Moreover, Styles argues that the R&R's finding on this issue "calls for speculation" but does not explain how. Id. Indeed, the substance of Styles's objection appears to relate to a completely different issue. However, because Styles does argue in the heading of her objection that "the magistrate judge erred in determining that ALJ's error regarding AR 00-1(4) was harmless[,]" the court will still consider the R&R's treatment of this issue.

The harmless error doctrine states that when a "decision 'is overwhelmingly supported by the record though the agency's original opinion failed to marshal that

support, then remanding is a waste of time.'" Bishop v. Comm'r of Social Security, 583

F. App'x 65, 67 (4th Cir. 2014) (quoting Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir.

2010)); see also Parker v. Berryhill, 733 F. App'x 684, 685–86 (4th Cir. 2018) (citing

Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004)) ("[R]eversal is not required

where the alleged error clearly had no bearing on the procedure used or the substance of

the decision reached"). The ALJ who issued the 2014 decision stated that Styles was

"limited to occasional bilateral overhead reaching[,]" Tr. 60, whereas the ALJ here stated

that "she can occasionally push/pull and perform overhead reaching with her right upper

extremity[,]" Tr. 18 (emphasis added). Styles contends that it was reversible error for

the ALJ here to not mention bilateral overhead reaching and only impose a limitation for

Styles's right arm. However, both ALJs came to essentially the same RFC: that Styles is

limited to simple and light work. The prior ALJ indicated Styles can "perform light work

as defined in 20 CFR 416.967(b)" and is "limited to simple one-step or two-step tasks,"

Tr. 60, which corresponds to the ALJ here stating that she can "perform light work as

defined in 20 CFR 416.967(b)" and that "she is limited to unskilled, low stress work[,]"

Tr. 18.[1] Whether or not the ALJ considered bilateral limitations or limitations in only

one arm, both ALJs came to the same conclusion. This is evidence that the error, if any,

was harmless.

Furthermore, the ALJ noted that, after reviewing the medical opinions and taking

into consideration her allegations of left-arm limitations, the record did not establish that

---

[1] Other physical limitations regarding movements such as reaching, fingering, crouching, etc. have been omitted for the sake of summarization; however, it should be noted that these additional limitations are also strikingly similar between both ALJ decisions.

Styles was unable to perform work activities with her left arm. Tr. 21–22. Using the medical records provided, the ALJ clearly established by substantial evidence her reasoning for excluding further left-arm limitations in the RFC, even though the prior ALJ included the limitation in the previous RFC. Therefore, the court finds that the error is harmless and that the ALJ established substantial evidence for her findings. Accordingly, this objection is overruled.

### C. Vocational Expert

Styles next objects to the R&R's finding that remand is not warranted based on the vocational expert's failure to explain an apparent conflict between the vocational expert's testimony and the DOT's job description. Styles argues that the ALJ was required to elicit an explanation from the vocational expert in order to resolve the conflict between the DOT's description of a shipping and receiving weigher and Styles's limitations in production pace, decision making, and workplace changes. Styles's RFC states that "she cannot perform fast-paced production requirements and should only be required to make simple work decisions with few, if any, workplace changes." Tr. 18. However, the DOT does not address any limitations regarding production pace, decision making, or workplace changes in its description of a shipping and receiving weigher. Thus, because the DOT is silent on these limitations, Styles believes that a reasonable explanation from the vocational expert as to why Styles could perform this job is required.

The ALJ relies on both the vocational expert's testimony and the DOT to decide whether or not a claimant can perform "other work." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). If a conflict arises between the DOT description and vocational

expert evidence, the ALJ is required to question the vocational expert on the record about the conflict, find a reasonable explanation for the confliction, and resolve this conflict. Id; see also SSR 00-04p, 2000 WL 1898704. However, the DOT's silence towards a certain aspect of an occupation does not create a conflict. For example, in Gable v. Colvin, the claimant argued that there is reversible error where the DOT failed to mention any "team-type requirements" after the claimant was found to be incompatible with "team-type requirements" in his RFC. 2015 WL 5604176, at *17 (D.S.C. Sept. 22, 2015). The court found that "no conflict with the DOT exists when the DOT job description did not include a provision that was actually incompatible with the RFC the [vocational expert] relied on, but rather was simply silent or unclear as to one of the RFC's limitations." Id.; see also Finnegan v. Berryhill, 2017 WL 2224332, at *6 (M.D.N.C. May 19, 2017) (report and recommendation) ("[T]he mere silence of the DOT on a matter does not create, per se, an apparent conflict between the VE's testimony and the DOT.").

Therefore, the DOT's silence as to production pace, decision making, or workplace changes required of a shipping and receiver weigher does not create a conflict. Here, the vocational expert testified that Styles would be able to perform the job of a shipping and receiving weigher, and the ALJ was not required to elicit any further explanation as to the DOT's silence towards the production pace, decision making, or workplace changes of this occupation. As a result, the court overrules this objection.

### D. Medical Opinions

Styles's final objection contends that the ALJ would have found Styles to be disabled had the ALJ given proper weight to the opinions of Styles's treating physician,

Dr. Stafford, and Tara L. Pahnke, a nurse practitioner. Federal Regulations require that an ALJ evaluate every medical opinion available, and more weight is generally given to the treating physician. 20 C.F.R. § 416.927(c). However, if a treating medical source is not given controlling weight, "good reasons" as to why not must be provided. Id. The Fourth Circuit has explained that:

> [c]ourts evaluate and weigh medical opinions pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

Johnson, 434 F.3d at 654 (citing 20 C.F.R. § 404.1527); see also Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (citing Campbell v. Bowen, 800 F.2d 1247, 1250 (4th Cir. 1986)) ("Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight."); Aiken v. Comm'r, Social Security Admin., 2018 WL 735934 at *8 (D.S.C. Jan. 26, 2018), report and recommendation adopted, 2018 WL 740989 (Feb. 6, 2018) ("An ALJ need not always give a treating opinion controlling weight.").

The court finds that the ALJ sufficiently described why she gave limited weight to Dr. Stafford's and Tara Pahnke's medical source statements regarding Styles's physical limitations. Tr. 21. The ALJ discusses the inconsistencies between Dr. Stafford's medical records and his own treating notes, Dr. Rowland's report, and Styles's own report. Specifically, the ALJ noticed inconsistencies with Dr. Stafford's conclusion that Styles could not perform sedentary work and lacked the ability to perform simple tasks when Styles reported that she could perform "activities of daily living," "walk more than

12

a block, drive, prepare meals, housekeeping, and family relationships." Id. The ALJ explained that "[f]or these same reasons, [she] also give[s] little weight to the similar opinion offered by Tara Pahnke, FN[P]-BC." Id. As described above, "the consistency of the [treating physician's] opinion with the record" is a factor that an ALJ may consider when determining the amount of weight to afford a treating physician's opinion, Johnson, 434 F.3d at 654, and that is exactly what the ALJ did here. This court "must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard," Johnson, 434 F.3d at 653, and Styles has failed to show that the ALJ did not support her findings with substantial evidence. Therefore, this objection does not warrant remand.

## IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

---
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**August 14, 2019**
**Charleston, South Carolina**